United States District Court

Northern District of New York

Samuel Clay,

    Plaintiff

Rights Action

    [vs.]

sect.1983

Stacey Bishop, an individual; Randy Hall, as Commissioner Rensselaer

County Department Of Social Services; Thomas Gordan,

as Support Magistrate for Rensselaer County Family Court,

    Defendants.


U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
SEP 19 2022
AT_____ O'CLOCK
John M. Domurad, Clerk - Albany

Civil

42 U.S.C.

Docket No. 1:22-cv-983 (GTS/ML)

Jury Trial Demanded

## COMPLAINT

1. This action seeks money damages because of a county deputy sheriff's participation in private parties' wrongful deprivation of Plaintiff's property. Plaintiff alleges that all of the Defendants acted under color of state law and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff also brings two state law claims pursuant to this Court's supplemental jurisdiction.

### Jurisdiction

2. This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's second and third claims, which are based on state law, under 28 U.S.C. § 1367.

3. Venue in the United States District Court for the [name of district and division] isproper pursuant to 28 U.S.C. § 1391.

### Parties

4. Plaintiff Samuel Clay is an individual who resides at 2002 Campbell Ave., Sch'dy, NY 12306.

5. Defendant Stacey Bishop is an individual who resides at 15 Avenue A, in the City of Spiegletown

1

County of **Rensselaer**, State of New York.

6. Defendant Randy Hall is the Commissioner of Rensselaer County Department of Social Services which oversees the Child Support Collection Unit, an entity within said department.

7. Defendant Thomas Gordon is a Support Magistrate for Rensselaer County Family Court.

## Facts

8. On or about the **30th** day of **July**, 19**98**, defendant Stacey **Bishop**, with malice and aforethought, instituted an action in the Rensselaer County Family Court entitled **Paternity Petition**.

9. That on or about **August 26th**, 19**98**, plaintiff and defendant Bishop appeared before defendant Gordon in response to the Support petition that defendant Bishop filed against plaintiff wherein she alleged that plaintiff was the father of her child.

10. On or about **August 26th**, 19**98**, plaintiff was found to be the father of defendant Bishop's child despite no Deoxyribonucleic acid (DNA) testing being done.

11. On or about **on file**, 19____, plaintiff began to contest said finding by filing various petitions addressed to defendant Gordon and also requested that a DNA test be administered.

12. Plaintiff clearly stated in various filings that he could not be the father based upon defendant Bishop's own admission that the child was born in August 1997, yet she did not begin a sexual relationship with plaintiff until November 1997.

13. Defendant Gordon refused to advise plaintiff of his rights, including his right to an attorney, refused to order a DNA test and refused to vacate any and all previous orders entered.

14. Defendant Hall, on or about **October 14th**, 19**98**, began to enforce an Order of Support against plaintiff in favor of defendant Bishop.

16. Plaintiff had alleged that there was a clear conflict of interest due to familial relationship between defendant Bishop and Gordon.

17. Defendant Gordon failed to protect plaintiff's constitutional rights to counsel and due process.

18. Defendant Gordon has thwarted plaintiff's attempts to vacate the Order of Support in violation of plaintiff's due process rights.

19. Plaintiff felt physically intimidated by the demeanor of defendant Gordon in each and every proceeding.

20. None of the Defendants afforded plaintiff an opportunity to be heard prior to the imposition of the Order of Support.

21. The seizure of Plaintiff's money without a DNA test was unreasonable.

22. Defendant Hall succeeded in taking Plaintiff's assests and has also caused Arrears to accrue.

23. As a proximate result of Defendants' actions, Plaintiff has been deprived of over $80,000.00, has incurred expenses for alternate previous court filings, and has suffered extreme embarrassment, defamation of character, shame, anxiety, and mental distress.

## First Claim

### 42 U.S.C. § 1983--Against All Defendants

24. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

25. Defendants at all times relevant to this action were acting under color of state law.

26. Defendant Stacey Bishop, instituted a action against you knowing full well that plaintiff is not the father of her child, and that she did so with malice aforethought and total disregard for plaintiff's constitutional rights. Stacey Bishop has usurped plaintiff's right(s) to have a DNA test conducted which would prove beyond a reasonable explanation that plaintiff is not the father, and that her actions have caused plaintiff significant damage to his reputation, as well as created a financial hardship.

27. Defendant Hall made an unreasonable seizure of plaintiff's personal property and assests in violation of the Fourth Amendment to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

28. At all times relevant hereto, Defendant Hall acted pursuant to a policy or custom of Defendant Gordon of assisting defendant Bishop in depriving plaintiff of personal property and assests without a lawful court order and without providing an opportunity for the plaintiff to be secure a DNA test.

## Second Claim

### Violation of Plaintiff's 1st, 4th, 5th, 6th and 14th Amendment Rights Against Defendants Bishop, Hall and Gordon

31. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

32. Without Plaintiff's consent, Defendants intentionally deprived Plaintiff of his personal

property and assets.

33. At all times relevant hereto, these Defendants acted with malice, recklessness and total and deliberate disregard for the contractual and personal rights of Plaintiff.

### Third Claim

### Violation of Plaintiff's N.Y. State Constitutional Rights Against Defendant

34. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

35. Defendants intentional seizure of plaintiffs property and assets the vehicle was a breach of the peace in violation of codification of Article I, § 6 and 14 under the N.Y. State Constitution.

36. Defendant's actions were the proximate cause of the damages alleged by Plaintiff in the preceding paragraphs.

### Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief:

- A Judgment and Order against each and every defendant directing the termination of any and all child support orders and order of affiliation;
- A Judgement against each and every defendant in the amount of **ONE-MILLION DOLLARS ($1,000,00.00)**; and,
- A Judgment and Order directing such other and further relief as the court seems just, proper, equitable and necessary.

Dated: September 7, 2022

_Samuel J._
Samuel Clay
Plaintiff

Sworn to before me this 7th day of September, 2022.

Notary Public

SAMANTA R. MYKOO
Notary Public, State of New York
Qualified in Schenectady County
No. 01MY6368557
Commission Expires
December 18, 2025

4