UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SAMUEL CLAY,

                            Plaintiff,

v.                                                             1:22-CV-0983
                                                                    (GTS/ML)

STACEY BISHOP, an Individual; RANDY HALL,
as Comm'r of Rensselaer Cty. Dept. of Soc. Servs.;
and THOMAS GORDON, as Support Magistrate for
Rensselaer Cty. Family Court,

                            Defendants.
_____

APPEARANCES:

SAMUEL CLAY
   Plaintiff, *Pro Se*
P.O. Box 1184
Schenectady, New York  12301

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Samuel Clay ("Plaintiff") against the above-named individuals ("Defendants"), is United States Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that certain of Plaintiff's federal claims be dismissed with prejudice (and without prior leave to amend), that certain of Plaintiff's federal claims be dismissed without prejudice (and without prior leave to amend), that certain of Plaintiff's federal claims be dismissed with prejudice but with prior leave to amend, and that the Court decline to exercise supplemental jurisdiction over the remainder of Plaintiff's claims (which arise under state law). (Dkt. No. 6.) Plaintiff has not filed an Objection to the

Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) After carefully reviewing the relevant papers herein, including Magistrate Judge Lovric's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation:[1] Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the following claims in Plaintiff's Complaint (Dkt. No. 1) be immediately **DISMISSED** **with prejudice and without prior leave to amend**: (1) Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Defendant Gordon; and (2) Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Defendant Hall in his individual capacity; and it is further

**ORDERED** that the following claims in Plaintiff's Complaint (Dkt. No. 1) be immediately **DISMISSED** **without prejudice** (and without prior leave to amend): Plaintiff's claims pursuant to 42 U.S.C. § 1983 seeking an order "directing the termination of any and all child support orders and order of affiliation [sic]," because the Court lacks subject-matter

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order t accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

jurisdiction over those claims; and it is further

ORDERED that the following claims in Plaintiff's Complaint (Dkt. No. 1) **shall be DISMISSED with prejudice** and without further Order of the Court **UNLESS**, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files an Amended Complaint correcting the pleading defects identified in those claims: (1) Plaintiff's claims pursuant to 42 U.S.C. § 1983 seeking monetary damages against Defendant Bishop; and (2) Plaintiff's claims pursuant to 42 U.S.C. § 1983 seeking monetary damages against Defendant Hall in his official capacity; and it is further

ORDERED that, should the Court dismiss the claims discussed in the preceding paragraph, the Court declines to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3), over the remaining claims in Plaintiff's Complaint (Dkt. No. 1), which arise under New York State Constitution; and it is further

ORDERED that, should Plaintiff wish to file an Amended Complaint in this action (with regard to the claims discussed in the preceding two paragraphs only), any such Amended Complaint must be filed within **THIRTY (30) DAYS** of the date of this Decision and Order. Plaintiff is further advised that the Amended Complaint must be a complete pleading which complies with the pleading standards set forth in Fed. R. Civ. P. 8 and 10 and Local Rule 10.1, and will supercede and replace the original Complaint filed in this action in all respects; and it is further

ORDERED that should Plaintiff file an Amended Complaint within the above-referenced thirty-day time period, the Amended Complaint be returned to Magistrate Judge Lovric for further review pursuant to 28 U.S.C. § 1915.

Dated: April 12, 2023
      Syracuse, New York

                                              Glenn T. Suddaby
                                              U.S. District Judge